MOTION TO FIND DEFENDANT JEFRREY MILLER IN CONTEMPT OF COURT UNDER FRCP RULE 70

Illia Kornea and Octavian Kecenovici
6314 Fernwood Avenue
Bensalem, Pennsylvania
Phone: 347-246-3798
iknorea@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

Illia Kornea and Octavian Kecenovici,

    Plaintiffs,

vs.

Jeffery Miller, Patricia Miller and Ahmed Raed,

    Defendants

Case No.: 22-cv-4454

MOTION TO FIND DEFENDANT JEFRREY MILLER IN CONTEMPT OF COURT UNDER FRCP RULE 70

**MOTION TO FIND DEFENDANT JEFREY MILLER IN CONTEMPT OF COURT UNDER FRCP RULE 70: THE GROUNDS FOR THIS MOTION ARE MR. MILLER'S FAILURE TO COMPLY WITH THE COURTS ORDER TO SUBMIT/PRODUCE THE INITIAL DISCOVERY AND ACCOUNTING FOR HIS PERSONAL BANK ACCOUNTS AND BUSINESS ACCOUNTS RELATED TO RAD RELAX LLC., AND FIBER H LLC., AS ORDERED BY THE COURT ON THE DATE OF SEPTEMBER 15, 2022 BY THE HONORABLE JUDGE KATHERINE H. PARKER.**

There are no Triable Issues of Law or Fact as Mr. Miller under FRCP Rule 56 as reflected by the courts records, as Mr. Miller been adversarial throughout the whole of these proceedings and has as noted above in bad faith intentionally refused to comply with the courts orders proving Mr. Miller has no intention of complying, therefore Ilia Kornea and Octavian Kecenovici request Summary Judgement under FRCP 56 Mr. Miller has agreed through his silence being acquiescence. (See Court Order Exhibit September 15th, 2022 attached below).

---

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: 10/19/2022

Plaintiffs' motion to find Defendant in contempt of court is premature. My Rules require a pre-motion conference for all motions, with some limited exceptions enumerated at III(b) of my Rules. Since no pre-motion conference has occurred, Plaintiff's Motion is denied without prejudice to renew it following a conference.

A telephonic pre-motion conference is scheduled on **Tuesday, November 15, 2022 at 10:00 a.m.** At the scheduled time, the parties shall call the Court conference line at (866) 434-5269; access code 4858267.

Defendant is directed to make initial disclosures by **Friday, October 28, 2022** and is reminded to otherwise comply with the discovery deadlines set by this Court. The parties shall file a letter on ECF by **Friday, November 4, 2022** informing the Court whether Defendant made initial disclosures. In the event Defendant makes initial disclosures by October 28, 2022, any motion to find Defendant in contempt for failing to make initial disclosures will be moot, and the pre-motion conference will be converted to a Case Management Conference.

The Clerk of the Court is respectfully directed to mail a copy of this order to the parties.

SO **ORDERED:**

*/s/ Katharine H. Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE  10/19/2022

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONTEMPT OF COURT UNDER FRCP RULE 70

"Contempt of court, also referred to simply as "<u>contempt</u>" is the disobedience of an <u>order</u> of a court. Additionally, conduct tending to obstruct or interfere with the orderly administration of justice also qualifies as contempt of court. Under the <u>Federal Rules of Civil Procedure (FRCP)</u> <u>Rule 70</u>, a party that fails to perform a specific act, in accordance with a <u>judgment</u> by a court, can be charged with contempt and subsequently penalized. The purpose of recognizing contempt of court is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice."

### Rule 70. Enforcing a Judgment for a Specific Act

(a) PARTY'S FAILURE TO ACT; ORDERING ANOTHER TO ACT. If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party.

(b) VESTING TITLE. If the real or personal property is within the district, the court—instead of ordering a conveyance—may enter a judgment divesting any party's title and vesting it in others. That judgment has the effect of a legally executed conveyance.

(c) OBTAINING A WRIT OF ATTACHMENT OR SEQUESTRATION. On application by a party entitled to performance of an act, the clerk **must** issue a writ of attachment or sequestration against the disobedient party's property to compel obedience.

(d) OBTAINING A WRIT OF EXECUTION OR ASSISTANCE. On application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance.

(e) HOLDING IN CONTEMPT. The court may also hold the disobedient party in contempt.

NOTES

(As amended Apr. 30, 2007, eff. Dec. 1, 2007.)

**NOTES OF ADVISORY COMMITTEE ON RULES—1937**

Compare [former] Equity Rules 7 (Process, Mesne and Final), 8 (Enforcement of Final Decrees), and 9 (Writ of Assistance). To avoid possible confusion, both old and new denominations for attachment (sequestration) and execution (assistance) are used in this rule. Compare with the provision in this rule that the judgment may itself vest title, 6 Tenn.Ann.Code (Williams, 1934), §10594; 2 Conn.Gen.Stat. (1930), §5455; N.M.Stat.Ann. (Courtright, 1929), §117–117; 2 Ohio Gen.Code Ann. (Page, 1926), §11590; and England, Supreme Court of Judicature Act (1925), §47.

**COMMITTEE NOTES ON RULES—2007 AMENDMENT**

The language of Rule 70 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

State of Pennsylvania }
County of Bucks      }ss.

Sworn to (or affirmed) and subscribed before me this 18 day of ~~September~~ OCTOBER, 2022,

by _____

WITNESS my hand and official seal

_[signature]_

Print Notary Name Elizabeth A. Glass

Personally known _____
OR Produced Identification ✓
Type of Identification Produced State DL

Commonwealth of Pennsylvania-Notary Seal
ELIZABETH A GLASS, NOTARY PUBLIC
BUCKS COUNTY
MY COMMISSION EXPIRES DECEMBER 7, 2024
COMMISSION NUMBER 1302433

October 17, 2022

_[signature]_ Ilia Kornea, Authorized Representative

_[signature]_ Octavian Kecenovici, Authorized Representative

3

Case: 22-cv-4454

# EXHIBT SEPTEMBER 15, 2022

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/30/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ILLIA KORNEA, et al

                 Plaintiffs,

        -against-

JEFFREY A. MILLER, et al

                 Defendants.

**SCHEDULING ORDER**

22-CV-4454 (PAE) (KHP)

**KATHARINE H. PARKER, United States Magistrate Judge.**

On August 25, 2022, the parties appeared for an Initial Case Management Conference. After review of the pleadings and consultation with the parties, the following Scheduling Order is entered pursuant to Rule 16 of the Federal Rules of Civil Procedure:

**Briefing Schedule.** The deadline for Plaintiffs to respond to Defendant Jeffrey Miller's Motion to Strike (ECF No. 17) and Motion to Dismiss (EFC Nos. 18 and 19) is **Monday, September 12, 2022.** Defendant Miller's replies, if any, are due **Monday, September 26, 2022**.

**Discovery.** Initial disclosures, as required by Federal Rule of Civil Procedure 26, are due **September 15, 2022**. All discovery shall be completed by **Monday, January 30, 2023.**

**Discovery Disputes.** The parties shall follow the Court's Individual Procedures with respect to any discovery disputes. *See* https://nysd.uscourts.gov/hon-katharine-h-parker.

**Mediation.** It is ordered that this case is referred for mediation to the Court-annexed Mediation Program. Local Civil Rule 83.9 governs the mediation. The parties are directed to participate in the mediation in good faith. The mediation will have no effect upon any scheduling Order issued by this Court without leave of this Court.

Case 1:22-cv-04454-PAE-KHP   Document 23   Filed 08/30/22   Page 2 of 3

**Status Letter.** Within a week of the the conclusion of mediation, the parties shall file a joint letter on ECF informing the Court as to whether this case was resolved. If the case is not resolved by mediation, the status letter shall also inform the Court as to the status of discovery.

**Legal Clinic.** The Court encourages the parties to consult a legal clinic opened in this District to assist people who are litigating an action pro se. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG") and is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any pro se party through the Pro Se Intake Unit). The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL-22, which is just inside the Pearl Street entrance to that Courthouse. The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. A party without legal representation can make an appointment in person or by calling (212) 659-6190. The Clinic provides basic information about the legal process and may be able to assist the parties in litigating this case.

**Consent to Electronic Service of Documents.** Plaintiff Illia Kornea and Defendant Jeffrey Miller have consented to electronic service of documents. (ECF Nos. 2, 14.) Other parties may consent to receive documents electronically by filling out the Consent to Electronic Service Form and returning it to the Pro Se Office. The Form is available at: https://www.nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf.

**As Plaintiff Octavian Kecenovici has not provided an address to the Court, Plaintiff Kornea is directed to mail a copy of this order to Plaintiff Kecenovici.**

2

The Clerk of Court is respectfully directed to mail a copy of this Order to Defendant Patricia Miller at 1304 E. Dexter Street, Covina, California 91724.

Dated: August 30, 2022
New York, New York

SO ORDERED.

*Katharine H Parker*
KATHARINE H. PARKER
United States Magistrate Judge

3