```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/28/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ILLIA KORNEA, et al

                                    Plaintiffs,

                -against-

JEFFREY A. MILLER, et al

                                    Defendants.

**ORDER**

**22-CV-4454 (PAE) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

On October 27, 2022, the Court received an email from Defendant Jeffrey Miller ("Defendant") attaching a letter and exhibits, and stating the letter had been "filed . . . on the ECF System" but was never "posted." This email, letter, and exhibits are attached to this order. The relevant documents were never filed on ECF. Rather, it appears from Defendant's Exhibit C that Defendant sent the document to the Pro Se Intake Unit but the filing was rejected for failure to comply with the required standards. Parties are responsible for ensuring their filings comply with the required standards, and in the event a filing is rejected by the Pro Se Intake Unit, must take the necessary steps to cure the issue.

Defendant's letter also asserts that he "filed" his initial disclosures on September 15, 2022, but did not "serve" them on Plaintiffs based on the incorrect understanding that the Pro Se Unit would serve the documents on Plaintiffs. As an initial matter, initial disclosures and other discovery should <u>not</u> be filed on ECF at all, but rather must be provided directly to the other parties. Regardless, Defendant never filed his initial disclosures on ECF. ECF filings are also <u>not</u> automatically served on parties by the Pro Se Unit. Parties should file correspondence with the Court on ECF and should also serve a copy of the correspondence on other parties.

**Since Defendant has not yet sent initial disclosures directly to Plaintiffs, he is directed**

to do so by **Tuesday, November 1, 2022.**  Failure to do so could result in sanctions.

Defendant also states that Plaintiffs have not provided him with their initial disclosures. **Plaintiffs shall provide Defendant their initial disclosures by Tuesday, November 1, 2022.** Defendant also states Plaintiffs have failed to provide him or the Mediator with their availability for mediation.  **By Tuesday, November 1, 2022, Plaintiffs shall provide Defendant with their available dates for a mediation.**  Additionally, **by Tuesday, November 1, 2022, Plaintiff Octavian Kecenovici is directed to provide his mailing address to the Court.**

Plaintiffs are advised that a continued failure to comply with discovery and other deadlines could result in terminating sanctions, i.e. the dismissal of the case.  *See, e.g. Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009); *Grammar v. Sharinn & Lipshie, P.C.*, 2016 WL 525478, at *2 (S.D.N.Y. Feb. 8, 2016).

**The parties are directed to file a <u>joint</u> letter to ECF by <u>Friday, November 4, 2022,</u>** informing the Court whether they have received each other's initial disclosures and have scheduled a mediation, and updating the Court on the status of discovery.  While the Court appreciates Defendant's "tak[ing] it upon himself to write [the status letter] unilaterally," the Court requests a joint letter in order to ascertain the positions of all parties without significant back and forth.

The parties are reminded that a telephonic conference has been scheduled on November 15, 2022 at 10:00 a.m.  At the scheduled time, the parties shall call (866) 434-5269; access code 4858267. The parties are also reminded that the deadline for the completion of all discovery is **Monday, January 30, 2023**.  The discovery deadline is **<u>not</u>** stayed pending resolution of any motions or mediation.

Finally, the parties are reminded that they may consult the free legal clinic run by the New

York Legal Assistance Group ("NYLAG").  The clinic is located at 40 Centre Street, New York,

New York, in Room LL-22, and can be reached at (212) 659-6190.  The clinic may be able to

assist the parties during mediation or in complying with discovery demands.

**The Clerk of the Court is respectfully requested to mail a copy of this order to the parties.  As Plaintiff Kecenovici has not provided an address to the Court, Plaintiff Kornea is directed to mail a copy of this order to Plaintiff Kecenovici.**

**SO ORDERED**.

Dated: October 28, 2022
        New York, New York

_Katharine H Parker_
KATHARINE H. PARKER
United States Magistrate Judge

| | |
|---|---|
| **From:** | Jeffrey Miller |
| **To:** | Parker NYSD Chambers |
| **Subject:** | CIVIL ACTION NO. 22-cv-4454-Letter Filing Status Report |
| **Date:** | Thursday, October 27, 2022 1:07:02 PM |
| **Attachments:** | Letter Filing Status Report 10 25 w Exhibits for filing.pdf |

**CAUTION - EXTERNAL:**

Dear Clerk to Magistrate Parker,

I filed this document on the ECF system two days ago in Pacific morning (so your early afternoon).  It was acknowledged but never posted in the system.

Therefore I am copying in the Magistrate's Chambers with the document.

If there is something I need to fix, please advise, but I thought it best to advise you of the filing so the Court did not think I ignored her Order for Status by tomorrow 10/28/22.

--
Jeff Miller
626.392.8719

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**Jeffrey Miller**
Pro Se Defendant
3045 South Archibald Avenue-Suite H
Ontario, CA 91761
(626) 392-8719
jamiller7777@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

ILLIA KORNEA
OCTAVIAN KECENOVICI

                    Plaintiffs

            v.

JEFFREY MILLER, et al.

                    Defendants

CIVIL ACTION NO. 22-cv-4454

**LETTER FILING-
STATUS REPORT**

<u>**Introduction**</u>

This Letter Filing serves to respond to the Court's Order dated October 19, 2022, directing

the Parties to notify the Court, via letter filing, of the status of Defendant's Initial Disclosure.

Defendant has taken it upon himself to write it unilaterally, rather than jointly with Plaintiffs, since

the Court's Order is directed at whether Defendant filed his Initial Disclosure and communication

between the Parties has been difficult.

Defendant did not serve Plaintiffs with this Letter Filing as it is Defendant's

understanding that the Pro Se Department serves the documents on the Parties once they are filed in

the ECF system. If this is somehow incorrect, Defendant will endeavor to serve Plaintiffs, via

electronic service (email), should the Court direct Defendant to so do. Defendant's Initial Disclosure

was filed on September 15, 2022, as required by the Court.  Attached hereto as Exhibit A is a copy

of Defendant's Initial Disclosure filed on September 15, 2022.  Also attached hereto as Exhibit B is

a copy of the email by which Defendant sent his Initial Disclosure to the Pro Se Department.  Lastly,

*Kornea v. Miller, Case Number 22-cv-4454*

attached as Exhibit C hereto is a copy of the email acknowledgement of receipt from the Pro Se Department.  Note that Defendant filed his Initial Disclosure but did not serve it on Plaintiffs, again because it was Defendant's understanding that the Pro Se Department would serve the document on Plaintiffs.

**<u>Defendant Has Not Received Plaintiffs' Initial Disclosure To Date</u>**

Defendant has not received Plaintiffs' Initial Disclosure by the Court ordered date, nor since.

**<u>Mediation</u>**

On October 11, 2022, Defendant contacted the Mediation Department to initiate Mediation. On October 17, 2022, Mediator Michael Holland was assigned as the Mediator to this case.  That same day, the Mediator contacted the Parties, via email, and inquired as to their available dates in November.  Defendant responded to the Mediator and provided the Mediator with his availability, *i.e.*, any Tuesday through Thursday, in November, other than Election Day, from 7 a.m. Pacific. At the Mediator's direction, on October 18, 2022, Defendant contacted Plaintiffs, via email, and requested Plaintiffs' availability.  On October 25, 2022, Defendant notified the Mediator that Defendant had not heard back from Plaintiffs.  That same day, the Mediator responded that he emailed Plaintiffs and directed them to contact Defendant with their availability.  As of this Letter Filing, Plaintiffs have not responded to Defendant and the Mediation remains unscheduled.

**<u>Conclusion</u>**

Respectfully submitted on October 26, 2022.


_____
Defendant Jeffrey Miller



*Kornea v. Miller, Case Number 22-cv-4454*

# EXHIBIT A

**Jeffrey Miller**
Pro Se Defendant
3045 South Archibald Avenue-Suite H
Ontario, CA 91761
(626) 392-8719
jamiller7777@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

ILLIA KORNEA                                                      Case No.: 22-cv-4454
OCTAVIAN KECENOVICI,

                    Plaintiffs,
          v.
                                                          **Rule 26(a)(1) Initial Disclosures**
JEFFREY MILLER, et al.

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## DEFENDANT JEFFREY MILLER'S RULE 26(a)(1) INTIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Jeffrey Miller ("Miller"), by and through himself, appearing pro se, makes the following initial disclosures to Plaintiffs in the above captioned matter. These disclosures are based on information presently known and reasonably available to Miller and which Miller reasonably believes he may use in support of his claims and defenses. Continuing investigation and discovery may cause Miller to amend these initial disclosures by identifying other potential witnesses, documents and by disclosing other pertinent information. Miller therefore reserves the right to supplement these initial pleadings.

Miller objects to any disclosure of information or documents beyond that which is required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Southern District of New York, or other applicable law, rule or order. By providing these initial disclosures, Miller does not represent that he is identifying every document, tangible thing or witness possibly relevant to this action. In addition, these disclosures are made without Miller in any way waiving

**Page 1 of 4**

his right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevancy and materiality, hearsay, undue burden, confidentiality, or any other appropriate grounds. Furthermore, these disclosures are not an admission by Miller regarding any matter.

Each and every disclosure set forth below is subject to the above qualifications and limitations.

## DISCLOSURES

i.  **The name and, if known, the address and telephone number of each individual likely to have discoverable information —along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1) PLAINTIFF Illia Kornea
Plaintiff Kornea was a signatory to the Joint Venture Agreement and is to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incident contained in Plaintiffs' Complaint in the instant action, as well as Defendant Miller's attempts to mitigate damages.  Further. Plaintiff has knowledge as to the amounts paid into the Joint Venture by Plaintiffs as well as what amounts were paid out by Defendant Miller.
Further, Plaintiff is to have knowledge of potential activities by Plaintiffs that may support Defendant filing a permissive counterclaim against Plaintiffs and/or against Lauren aka Julie (last name not known as of this filing) for intentional interference with contractual relationships and attempted extortion of Defendant.

2) PLAINTIFF Octavian Kecenovici
Plaintiff Kecenovici was a signatory to the Joint Venture Agreement and is to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incident contained in Plaintiffs' Complaint in the instant action, as well as Defendant Miller's attempts to mitigate damages.  Further. Plaintiff has knowledge as to the amounts paid into the Joint Venture by Plaintiffs as well as what amounts were paid out by Defendant Miller.
Further, Plaintiff is to have knowledge of potential activities by Plaintiffs that may support Defendant filing a permissive counterclaim against Plaintiffs and/or against Lauren aka Julie (last name not known as of this filing) for intentional interference with contractual relationships and attempted extortion of Defendant.

3) Ms. Lauren (last name unknown) aka Julie (last name unknown) ("Ms. Lauren").
   - Las Vegas, NV
   - (702) 488-1127 (last known number; no longer in service)
   Ms. Lauren was NOT a signatory to the Joint Venture Agreement and is NOT a lawyer

**Page 2 of 5**

but has acted in some capacity in directing this litigation against Defendant. Ms. Lauren is to have knowledge of the facts and circumstances relevant to potential activities by her and Plaintiffs that may support Defendant filing a permissive counterclaim against Plaintiffs and/or against her, for intentional interference with contractual relationships and attempted extortion of Defendant.

4) Rachel Gendreau
   • Savannah, IL
   • soulservice2010@gmail.com

Ms. Gendreau was a signatory to the Joint Venture Agreement and is to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the alleged incident contained in Plaintiffs' Complaint in the instant action, as well as Defendant Miller's attempts to mitigate damages. Further, Ms. Gendreau has knowledge as to the amounts paid into the Joint Venture by Plaintiffs as well as what amounts were paid out by Defendant Miller. Further, Ms. Gendreau has knowledge that disproves Plaintiffs' theory of the case that money was paid to third party persons or companies and has knowledge of Defendant Miller's financial status, which is germane to prove to Plaintiffs that no money beyond what was paid out was earned in or by the Joint Venture.

5) Ahmed Raed
   San Gabriel Valley, CA
   araed@att.net

Mr. Raed WAS NOT a signatory to the Joint Venture Agreement. However, he is to have knowledge that disproves Plaintiffs' theory of the case that money was paid to the limited liability company, Rad Relax, LLC, of which he is the sole member.

**ii.** **A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following comprises the enumerated documents, data compilations, and other tangible things in the possession, control or custody of Miller which Miller may use to support his claims or defenses in the instant action:

a. The executed Joint Venture Agreement duly signed by all four parties, including Plaintiffs, Defendant Miller and non-party witness, Ms. Rachel Gendreau, copies of which all parties have in their respective possession.

**Page 3 of 5**

b.  Email correspondence between Plaintiffs and Defendant Jeffrey Miller-copies of which all parties to the case already have in their respective possession.

c.  Bank records from 2020 demonstrating the ABSENCE OF any monies paid into the limited liability companies Rad Relax, LLC, of which Mr. Raed is the sole member and Fiber H, LLC, of which Mr. Miller is the sole member (and which is no longer in good corporate standing as of 2021).

d.  Bank statements and bank letters showing that JP Morgan Chase closed the bank accounts of Fiber H, LLC in late 2021.

e.  Bank statements showing each and every payment from Defendant Miller to Plaintiffs and to non-party witness, Ms. Gendreau.

f.  Corporate records plainly showing that Mr. Raed is the sole member of Rad Relax, LLC for several years.

g.  Corporate records showing that Fiber H, LLC is not in good standing as of 2021.

There may be additional documents whose relevance becomes known to Miller during discovery or trial. M i l l e r therefore reserves the right to amend or supplement these disclosures if and as appropriate, and further reserves the right to rely on any document identified by Plaintiffs or produced in this case by any party or any third party.

**iii.  A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Not Applicable.

**iv.  For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

<u>Miller is certain that no insurance policy is in place nor was in place from 2019 forward that would be applicable to this case.</u> Miller had no professional insurance, nor E&O insurance nor Umbrella or other liability policies in place for 2019 forward and inclusive of present day.

_____

Date:  September 15, 2022

Defendant Jeffrey Miller

# EXHIBIT B

| | |
|---|---|
| **From:** | jamiller7777@gmail.com |
| **To:** | "Temporary Pro Se Filing NYSD" |
| **Subject:** | CIVIL ACTION NO. 22-cv-4454-Please file Defendant"s Initial Disclosures |
| **Date:** | Thursday, September 15, 2022 11:27:26 AM |
| **Attachments:** | Jeff Miller Initial Disclosure final for filing.pdf |

Please file the attached in the above-referenced case.

Thank you, in advance.


Jeffrey Miller

Pro Se Defendant

3045 South Archibald Avenue-Suite H

Ontario, CA 91761

(626) 392-8719

jamiller7777@gmail.com

# EXHIBIT C

| | |
|---|---|
| **From:** | Temporary Pro Se Filing NYSD |
| **To:** | jamiller7777@gmail.com |
| **Subject:** | Acknowledgment of Receipt |
| **Date:** | Thursday, September 15, 2022 11:27:58 AM |

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York.  (This is not the United States Bankruptcy Court.)
Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below).  If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.

Required Standards for Filing by Email:

- Documents must be attached to the email in PDF format, no larger than 10 megabytes;

- The email and attached document must contain the case number, filer's name, address, and telephone number;

- Documents must be signed by the filing party by either

    - (a) signing by hand and then scanning the document;

    - (b) signing electronically using a digital signature; or

    - (c) by typing: "s/Filer's Name;"

- Any additional comments, questions, or other messages in the email will be disregarded;

- Any additional correspondence included in the email will be disregarded.

If your document does not appear on the ECF docket within two business days, it has not met the required standards for electronic filing.  If so, you must submit your document to the court in paper form by (a) sending your document by mail, or overnight delivery service, to the appropriate courthouse listed below; or (b) delivering your document in-person to the appropriate courthouse listed below between the hours of 11:00 AM to 2:00 PM; or (c) depositing your document after hours in the court's night depository box at the 500 Pearl Street, NY, NY courthouse.

United States Courthouse
Pro Se Intake Unit
500 Pearl Street
New York, NY 10007

or

United States Courthouse
Pro Se Intake Unit
300 Quarropas Street
White Plains, NY 10601

For more information on the Standards for Filing by Email go
to: https://nysd.uscourts.gov/sites/default/files/pdf/covid-19/Notice%20-

%20Pro%20Se%20Email.pdf.

You can receive notifications by email of activity in your case by consenting to receive documents electronically.  To do so, complete and mail the form found at
 https://nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases.

**You may make an appointment with the NYLAG Legal Clinic for Pro Se Litigants to receive free legal advice by completing the clinic's intake form on your computer or smartphone. Alternatively, leave a message with 212-659-6190.**