UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ILLIA KORNEA, OCTAVIAN KECENOVICI,

                              Plaintiffs,

-v-

JEFFREY A. MILLER, PATRICIA MILLER, AHMED RAED,

                              Defendants.

22 Civ. 4454 (PAE) (KHP)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Plaintiffs Illia Kornea and Octavian Kecenovici (collectively, "plaintiffs"), proceeding *pro se*, seek judgment that more than $2 million is due from defendants Jeffrey A. Miller, also proceeding *pro se*, Patricia Miller, and Ahmed Raed ("Raed"). *See* Dkt. 1 ("Complaint") at 18. Plaintiffs bring claims for breach of contract and under provisions of New York and California law. *See id.* at 16–17. On June 13, 2022, the Court referred this case to the Hon. Katharine H. Parker, Magistrate Judge, for general pretrial management. Dkt. 10. Two motions, each filed by Jeffrey Miller, are now pending before the Court: a motion to strike the Complaint, Dkt. 17, and a motion to dismiss Patricia Miller and Raed as defendants, Dkt. 18, to which Patricia Miller and Raed filed a joinder, Dkt. 19. Plaintiffs filed various responses to the motions, *see* Dkts. 24, 27, 29, 43, and Jeffrey Miller filed three replies, *see* Dkts. 25, 26, 28. The Court referred the motions to Judge Parker for a Report and Recommendation. Dkt. 20.

On November 21, 2022, Judge Parker issued a Report and Recommendation, recommending that the Court (1) grant the motion to dismiss defendants Patricia Miller and Raed for lack of personal jurisdiction and (2) deny the motion to strike. *See* Dkt. 45 (the "Report") at

6, 8. On December 5, 2022, the Court granted plaintiffs an extension of time to file their objections to the Report. Dkt. 47. On December 27, 2022, and December 28, 2022, plaintiffs filed two sets of objections to the Report. *See* Dkts. 48 ("Obj. 1"), 49 ("Obj. 2"). On January 11, 2023, Jeffrey Miller responded to the objections. Dkt. 50. On February 8, 2023, plaintiffs filed a document that appears to be a reply to Jeffrey Miller's response. Dkt. 57.

For the following reasons, the Court adopts the Report in its entirety.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se*

plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Furthermore, "[c]ourts do not generally consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

Jeffrey Miller did not file objections to the Report. Plaintiffs raise various objections. However, even when reading these with the special solicitude owed to *pro se* filings, the Court discerns no objections sufficiently "specific and clearly aimed at particular findings in the magistrate judge's report" so as to warrant *de novo* review. *Kelley v. Universal Music Grp.*, No. 14 Civ. 2968 (PAE), 2017 WL 3995623, at *2 (S.D.N.Y. Sept. 11, 2017); *see, e.g.*, *Lewis v. Steward*, No. 19 Civ. 8085 (PAE) (OTW), 2022 WL 4592641, at *5 (S.D.N.Y. Sept. 30, 2022). Plaintiffs' objections, although unclear, largely relate to, *inter alia*, subject matter jurisdiction, theories of joint liability, and equitable principles. *See generally* Obj. 1; Obj. 2; Dkt. 57. As to personal jurisdiction, they assert that Raed "has a contractual business relationship with Jeffrey Miller," *see* Obj. 1 at 8, and that Patricia Miller is "jointly liable" in this lawsuit due to her alleged "contract of marriage" to and "joint partner relationship" with Jeffrey Miller, *id.* at 3. Neither of these objections, however, directly addresses Judge Parker's decisive conclusion—that the Complaint is "devoid of any facts" suggesting that the Court can exercise specific or general jurisdiction over Patricia Miller or Raed. Report at 6. Plaintiffs also claim that they had effected service on Patricia Miller and Raed and attach exhibits purporting to substantiate such service. *See* Obj. 1 at 1, 8; Dkt. 48-1; Dkt. 55; Dkt. 57-1. However, even assuming, *arguendo*, that they had properly served these defendants, this fact does not disturb Judge Parker's primary

3

reason for dismissing Patricia Miller and Raed as defendants: the insufficient showing of specific or general personal jurisdiction over them. *See* Report at 5–6.

Accordingly, the Court reviews the Report for clear error. *See Dickerson*, 2013 WL 3199094, at *1–2. Finding none in Judge Parker's characteristically thorough and well-reasoned Report, the Court adopts the Report in full.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Parker's November 21, 2022 Report and Recommendation in its entirety, dismisses Patricia Miller and Raed as defendants in the case, and denies the motion to strike the Complaint.

The Court respectfully directs the Clerk of the Court to terminate the motions pending at docket numbers 17 and 18 and mail a copy of this decision to the parties at the addresses on file.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: February 23, 2023
New York, New York

4