USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/28/2023

The Court construes this motion as a motion seeking a conference to discuss the discovery issues raised, in compliance with this Court's Individual Rules.  A telephonic conference is scheduled on **Thursday, July 13, 2023 at 3:00 p.m.** to discuss the discovery issues as well as Plaintiffs' request for an extension of the discovery deadline.  At the scheduled time, the parties shall dial 866-434-5269, Access Code 4858267#.

By **Monday, July 10, 2023**, Defendant Miller shall file on ECF a copy of the redacted bank record that he produced, along with his objections and responses to the written document requests of plaintiffs.  Separately, he shall send an *ex parte* email (i.e. not copying the Plaintiffs) to the Court (Parker_NYSDChambers@nysd.uscourts.gov) that includes a copy of the unredacted bank record for the Court's i*n camera* review.  Defendant Miller shall also file on ECF a letter no more than 4 pages in length that responds to Plaintiffs' motion and explains the basis for his redactions and his objections to the production of the documents requested.

**The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 81.**

SO ORDERED:

*Katharine H Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE    6/28/2023

Email: octaviankecenovici@yahoo.com

IN THE UNITED STATES DISTRICT
THE UNITED STATES

| | |
|---|---|
| ILLIA KORNEA AND OCTAVIAN KECENOVICI, | Case No.: 22-cv-4454 |
| Plaintiffs, | |
| vs. | MOTION TO COMPEL RULE 37. |
| JEFFERY MILLER | FAILURE TO MAKE DISCLOSURES OR TO COOPERATE IN DISCOVERY; AND |
| Defendants | MOTION FOR SANCTIONS |

Motion to Compel Defendant, Jeffrey Miller, under Federal Rule of Civil Procedure rule 37. Failure to make disclosure and cooperate in discovery. Plaintiffs Illia Kornea and Octavian Kecenovici, Motion the court for an Order Compelling Disclosure or Discovery under FRCP37(a)(1)(2)(3)(A)(B)(i)(iii)(iv)(4)(5)(b)(1)(2)A(c)(1).

Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions

**(a)** MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY.

(1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

(2) *Appropriate Court.* A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

(3) *Specific Motions.*

(A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

(B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

(i) a deponent fails to answer a question asked under Rule 30 or 31;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

1

(iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

(4) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5) *Payment of Expenses; Protective Orders.*

(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

(b) FAILURE TO COMPLY WITH A COURT ORDER.

(1) *Sanctions Sought in the District Where the Deposition Is Taken.* If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court. If a deposition-related motion is transferred to the court where the action is pending, and that court orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of either the court where the discovery is taken or the court where the action is pending.

2) *Sanctions Sought in the District Where the Action Is Pending.*

(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

## I. Background

1. Plaintiffs Illia Kornea and Octavian Kecenovici, requested Defendant Jeffrey Miller To submit for discovery the following documents;

   a) All documents, <u>Personal</u> and all Entities used, and Registered under his name, including but not limited to bank accounts statements, financial records,

2

accounting records, tax accounting records, tax returns, book of accounts, sale receipts contracts, credit agreements, invoices, promissory notes and insurance policies related to the "Join Venture".

b) **The following Entities are registered under Defendant Jeffrey Miller;**

   i) **Personal bank accounts, ARMORGUARD WARRANTY, LLC, D &J RELAX, INC, GES INTAKE CALL CENTER, INC, JEFFEREY MILLER REAL ESTATE BROKERAGE, INC, LAW OFFICE OF JEFFREY MILLER, ON DEMAND DIRECT RESPONSE, LLC, SLAP MAXWELL INC, TACHYO MANAGEMENT CHICAGO CORPORATION, AFFAIRES OF THE GARDEN LLC, LOST HORSE SUPPLY CO, INC. FIBER H LLC,.**

## II. Discovery

1. On the date of AUGUST 30TH, 2020 PER Court Order by Honorable Judge Katherine H. Parker Defendant, Jeffrey Miller was ordered to submit for discovery. Defendant Jeffrey Miller failed to make disclose and to cooperate in the discovery process.

   a) Defendants Jeffrey Miller was evasive and incomplete in submitting discovery documents. The deadline for completion on Discovery completion was January 30th, 2023.

   b) The documents Defendant Jeffrey Miller were Not Requested and the only one bank statement where all the information on transfers were redacted. This nothing short of Deceit, Evasive and Concealment.

2. On the date of April 10th, 2023 Plaintiff's made a second request for production of documents/discovery to Defendant Jeffrey Miller so ordered by Honorable Judge Katherine H. Parker, and an extension deadline on June 26th, 2023.

   a) Defendant Jeffrey Miller submitted bank statements from the "Office of Jeffrey Miller" from March 2019-May 2020. This was from one entity, out of 11 other entities (above) the documents were incomplete, evasive and concealment.

3. On the date of June 24th, 2023, Plaintiffs met and conferred with Defendant Jeffrey Miller at 3 PM EST. Plaintiffs questioned Defendant Jeffrey Miller;

   i) Why Defendant Miller did not submit his Personal bank account, Sales Receipts, what happened to the investment's (JV) funds, where did defendant Miller transfer the monies to?

   ii) Why did Defendant Miller did not submit the other entities ( referenced above) bank accounts, tax returns, sales receipts bank accounts statements, financial records, accounting records, tax accounting records, tax returns, book of accounts, sale receipts contracts, credit agreements, invoices, promissory notes and insurance policies related to the "Join Venture".

4. **Conclusion**

   1. Meet and Confer conference call on the date of June 24th, 2023, at the start of the conversation Defendant Jeffrey Miller seemed to want to cooperate, but we were met with concealment, evasion, failed to disclose any information of what he did with the monies from the "JV".

WHEREFORE, the Plaintiff moves this Honorable Court for an Order Compelling the Defendant Jeffrey Miller to produce complete and executed Answers Requested to Discovery and Interrogatories and the required documents within the next 30 days.

6/26/2

By: _____
Illia Kornea Authorized Representative

By: _____
Octavian Kecenovici Authorized Representative