UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ILLIA KORNEA, *et al.*,

                                        Plaintiffs,

                    -v-

JEFFREY A. MILLER, *et al.*,

                                        Defendants.

22 Civ. 4454 (PAE) (KHP)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

 *Pro se* plaintiffs Illia Kornea and Octavian Kecenovici allege that *pro se* defendant Jeffrey A. Miller, their former business partner, owes them more than $2 million based on a series of transactions involving wholesale quantities of marijuana. Dkt. 64 ("FAC") at 1–2. Plaintiffs bring claims for breach of contract, violations of New York Commercial Code Law § 3-501 and California Commercial Code § 3501, and violations of New York General Business Law § 349 and California General Business Regulations § 16000 *et seq*. *Id.* at 7–9. Miller counterclaims for breach of the implied covenant of good faith and fair dealing and for tortious interference with contractual relations. Dkt. 65.

 Currently pending is Miller's motion for summary judgment. Dkt. 91. Before the Court is the December 14, 2023 Report and Recommendation of the Hon. Katharine H. Parker, United States Magistrate Judge, recommending that the Court grant in part and deny in part Miller's motion. Dkt. 109 (the "Report"). Judge Parker recommends that the Court dismiss all claims save one: that Miller breached the parties' contract by failing to disburse the full amount of profits prior to June 2019. *Id.* at 31. On December 28, 2023, plaintiffs filed a "response" to the Report, which the Court construes as objections. Dkt. 111 ("Pl. Br."). On January 4, 2024,

Miller responded to the objections, Dkt. 113 ("Def. Br."), and filed an affidavit in support, Dkt. 114 ("Miller Aff.").[1]

The Court incorporates by reference the summary of the facts provided in the Report. For the reasons that follow, the Court adopts Judge Parker's recommendation in full.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE) (FM), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y.

---

[1] The parties have since made a flurry of filings related to Miller's divorce, to which he attests in his affidavit. Dkts. 115–19. These filings are irrelevant to the pending motion. Plaintiffs' argument that Miller's summary judgment motion "was based on perjured statements" and thus should be "dismissed," Dkt. 119 at 2, lacks any basis in the record.

Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE) (GWG), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Furthermore, "[c]ourts do not generally consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE) (JCF), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

Miller did not object to the Report. Plaintiffs raise various objections. However, even when reading these with the special solicitude owed to *pro se* filings, the Court discerns no objections sufficiently "specific and clearly aimed at particular findings in the magistrate judge's report" so as to warrant *de novo* review. *Kelley v. Universal Music Grp.*, No. 14 Civ. 2968 (PAE), 2017 WL 3995623, at *2 (S.D.N.Y. Sept. 11, 2017); *see, e.g.*, *Lewis v. Steward*, No. 19 Civ. 8085 (PAE) (OTW), 2022 WL 4592641, at *5 (S.D.N.Y. Sept 30, 2022).

Plaintiffs' objections, although unclear, largely relate to the "[h]istorical [b]ackground" of the parties' relationship. *See generally* Pl. Br. at 1–2. Plaintiffs appear to argue that Miller failed to make various disbursements under the parties' second agreement. *See id.* at 2–6. But plaintiffs fail to engage with Judge Parker's careful reconstruction of Miller's bank statements and the parties' communications over the relevant period. *See* Report at 18–23. As Judge Parker concluded, plaintiffs "do not provide detail to support their allegations" that Miller reaped profits from "flips they suspect were done." *Id.* at 17. There is no record basis upon which a reasonable jury could infer that Miller "failed to disburse [p]laintiffs' share of the profits" for transactions other than those identified in the Report (that is, from May to June 2019). *Id.* at 19. Plaintiffs' objections are otherwise vague and conclusory; plaintiffs do not even identify which aspects of the Report they disagree with.

Accordingly, the Court reviews the Report for clear error. *See Dickerson*, 2013 WL 3199094, at *1–2; *see also DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." (citation omitted)). Finding none in Judge Parker's characteristically thorough and well-reasoned Report, the Court adopts the Report in full.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report in full and thus grants Miller's motion in part and denies it in part. The Clerk of Court is respectfully directed to terminate the motion pending at Docket 91.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: January 25, 2024
New York, New York