Illia Kornea
6314 Fernwood Avenue
Bensalem, Pennsylvania
Tel. 347-246-3798
Email. iknorea@gmail.com
and
Octavian Kecenovici
c/o 6314 Fernwood Ave
Fernwood Ave
Bensalem, Pennsylvania 19020
Tel. 215-501-2367
Email. octaviankecenovici@yahoo.com
01/21/2025

**MEMO ENDORSED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILLIA KORNEA And OCTAVIAN KECENOVICI<br><br>Plaintiffs<br><br>v.<br><br>JEFFREY MILLER<br><br>Defendant | CIVIL ACTION NO. 22-cv-4454<br><br>PLAINTIFFS MOTION TO INVOKE ARTICLE III COURT OF CHANCERY JURISDICTION |

## MOTION TO INVOKE ARTICLE III JURISDICTION

Plaintiffs Illia Kornea and Octavian Kecenovici by and upon Defendant Jeffrey A. Miller's unclean hands doctrine, made perjured statements under oath and penalty of perjury, concealed financial transactions, with intent to commit fraud, swindle, fraud, material misrepresentation, defrauding creditors. Based on these grounds Plaintiff's Illia Kornea and Octavian Kecenovici, respectfully move this Honorable Court to exercise its jurisdiction as an Article III Court under the United States Constitution, and in conjunction with the Court's authority over claims arising out of matters traditionally within the purview of a Court of Chancery. In support of this motion, Plaintiff states the following:

1. Jurisdiction under Article III

The United States District Court is a court of limited jurisdiction, as established by Article III of the U.S. Constitution. Plaintiffs assert that this case falls within the proper scope of an Article III court, and that this Court has the constitutional authority to adjudicate the claims presented herein, including claims for equitable relief traditionally handled by courts of chancery. The Plaintiff seeks to invoke this Court's Article III authority for the resolution of issues that involve both equitable remedies and federal legal questions.

2. **Chancery-Type Claims and Federal Jurisdiction**

   The matter at hand involves claims for equitable relief, including but not limited to:

   a) Brach of Contract- written contract, Docket No. 1, See Exhibit A, Docket No. 118 whereas Plaintiffs and Defendants entered into a contract under the terms and provisions of which Plaintiffs furnished to Defendant funds to invest in the amount of $75,000.00 and the weekly dividends were reinvested from March 26th through May 29th, 2019, in the total amount of $120,000.00. Jeffrey Miller paid Plaintiffs in the amount of $51,400.00. See Docket No. 111 and 111.1, outlines and details of the payments and Debts still owed by Defendant Jeffrey A. Miller.

3. **Defendant Jeffrey Miller's Additional Misconduct Violations and Offenses Documented on the Court Record**

   Upon thorough review of Docket 111 and Docket 111.1, Magistrate Kathrine H. Parker recommended (R&R) to Honorable Judge Paul A. Engelmayer in favor of Plaintiffs Illia Kornea and Octavian Kecenovici Summary Judgement primarily due to Defendant's for non-payment and perjury statements on the court record. The following are the other potential violations from Defendant Jeffrey Miller.

   a) Defendant Jeffrey Miller's intent to deceive Plaintiffs Illia Kornea and Octavian Kecenovici from the very beginning by not signing the same "JV" Agreement by but a sperate copy of the Agreement intentionally to mislead constituting potential wire and/or mail fraud, as shown in Case No. 22-cv-04454 Docket No. 1, See Exhibit A -"JV" Agreement. Wire and mail fraud is a federal offense involving the use of the postal system or electronic communications such as emails, phone calls, or the internet.

   b) Defendant Jeffey Miller committed perjury, Pursuant to 25 CFR 11.429, and 18 USC Code §1621, reflected on the following case dockets:

See Docket No. 111, 118 and 54. See Exhibit K-emails, "weed off by 70% by volume, evidenced on Docket No. 94, Exhibit B and Docket No.111 (dated December 27th, 2023), Docket(s) No. 54 and Docket 118 ¶ 5, proof from Defendant's own discovery that the "JV" made $349,750.00. Perjury is a misdemeanor offense where an individual in any official proceeding makes a materially false statement under oath or affirms the truth of a previously made statement, knowing it to be false, as stipulated by 25 C.F.R. § 11.429 and 18 U.S.C. § 1621.

c) Defendant Jeffrey Miller Concealed Financial Transactions from Plaintiffs in the amount of $349,750.00 Plus, interest and legal counsel. Federal Law prohibits Concealment of a Financial Transaction Pursuant to 31 U.S. code § 5335, outlined and evidenced in Docket No. 111.

d) Defendant Jeffrey Miller committed theft, swindle, defrauding creditors, in the amount of $349,750.00 Pursuant to 25 CFR §11.423. Defendant Jeffrey A. Miller's business conduct was unethical and deceptive as defined Pursuant to F.T.C. 15 U.S.C. Sec. 45(a)(4)(A). Deceptive practices, as identified in the Commission's Policy Statement on Deception, include material misrepresentations, omissions, or practices that affect commerce, as noted in Docket No. 118 ¶ 4(b)(c) and Docket No. 94 118 ¶4(b)(c). Defendant Jeffrey A. Miller's Disbarment in California and new York was for this very reason.

4. Invocation of Federal Court Equitable Powers

Plaintiffs assert that the federal court is appropriately vested with the authority to adjudicate claims of an equitable nature, including those pertaining to fiduciary duties and corporate conduct. Plaintiffs maintain that the principles of equity and the federal court's jurisdiction are rightly exercised for the resolution of the instant dispute.

5. Application of Equitable Maxims

Plaintiffs' maxims of equity that support their request for relief, emphasizing the importance of justice, remedy for wrongs, and the equitable treatment of parties.

### Maxims of Equity

a) Equity sees that as done what ought to be done
b) Equity will not suffer a wrong to be without a remedy
c) Equity delights in equality
d) One who seeks equity must do equity

e) Equity aids the vigilant, not those that slumber on their rights
f) Equity imputes an intent to fulfill an obligation
g) Equity acts in personam
h) Equity abhors a forfeiture
i) Equity does not require an idle gesture
j) He who comes into equity must come with clean hands
k) Equity delights to do justice and not by halves
l) Equity will take jurisdiction to avoid multiplicity of suits
m) Equity follows the law
n) Equity will not aid a volunteer
o) Where equities are equal the law will prevail
p) Equity will not complete an imperfect gift
q) Between equal equities the first in order of time shall prevail
r) Equity will not allow a statue to be used as a cloak for a fraud
s) Equity will not allow a trust to fail for want of a trustee
t) Equity regards the beneficiary as the true owner
u) He who occasioned the loss must bear the burden

6. Conclusion and Request for Relief

In light of the foregoing, Plaintiffs respectfully petition this Honorable Court to assert its Article III jurisdiction and to adjudicate the equitable claims within its constitutional purview, thereby upholding the judiciary's role in addressing matters traditionally within the realm of a Court of Chancery.

Respectfully submitted,

Plaintiff's

Ilia Kornea

/s/ *Octavian Kecenovici*
Octavian Kecenovici
6314 Fernwood Avenue
Bensalem, Pennsylvania [19020]
Tel: 347-246-3798
Email: ikornean#@gmail.com
Email: octaviankecenovoci@yahoo.com

Dated: 01/21/2025

Pursuant to Judge Engelmeyer's Order dated January 25, 2024 (ECF No. 121), the only surviving claim in this case is the breach of contract claim. To the extent plaintiffs are requesting an unspecified form of equitable relief with respect to the breach of contract claim, any such request is premature. The merits of that breach of contract claim will be decided at trial. Accordingly, the request is DENIED, and the Clerk of Court is respectfully directed to terminate ECF No. 135.

SO ORDERED.

Date: 1/24/2025

*Jeannette Vargas*
HON. JEANNETTE A. VARGAS
UNITED STATES DISTRICT JUDGE