UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                           :

ILLIA KORNEA, et al.,                       :
                                           :

                      Plaintiffs,        :           22-CV-04454 (JAV)
                                           :

          -v-                              :         OPINION AND ORDER
                                           :

JEFFREY MILLER,                       :
                                           :

                      Defendant.         :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On August 11, 2025, the Court issued an Opinion and Order dismissing Plaintiffs' breach of contract claim on the grounds that the underlying agreement was unenforceable as a matter of public policy, and denying their motion for sanctions. ECF No. 147 ("Opinion"). Plaintiffs have now filed three motions for reconsideration of this Opinion and Order pursuant to Rules 59(e) and 60(c) of the Federal Rules of Civil Procedure, ECF Nos. 148, 153, 162, a motion to supplement their motions for reconsideration, ECF No. 164, and two motions to clarify, correct the record, and enforce summary judgment, ECF Nos. 149, 156 ("motions to correct"). For the reasons stated herein, these motions are DENIED.

## BACKGROUND

Familiarity with the underlying facts and procedural history, as set forth in the Court's Opinion, are presumed. As relevant here, *pro se* Plaintiffs Illia Kornea and Octavian Kecenovici had entered into a Joint Venture Agreement ("JVA") with *pro se* Defendant Jeffrey A. Miller involving the purchase and sale of bulk quantities

of marijuana in California. ECF No. 63 ("Am. Compl.") at 7-8. Plaintiffs, claiming that Defendant had not distributed the full amount of profits earned by the joint venture, sued for breach of contract, bad faith, and unethical business practices under California and New York state law. *Id.* Defendant counterclaimed for breach of the covenant of good faith and fair dealing and for tortious interference with contractual relations. ECF No. 65.

Defendant filed a motion for summary judgment. ECF No. 91. As a result of that motion, all of Plaintiffs' claims were dismissed except the breach of contract claim, as the Court found a disputed issue of fact as to whether Defendant had distributed to Plaintiffs all profits earned from marijuana transactions conducted in May and June 2019. ECF No. 121. In turn, Plaintiffs moved for summary judgment with respect to Defendant's counterclaims. The Court granted that motion and dismissed all of the counterclaims. ECF No. 125 ("May 2024 Order").

On December 18, 2024, the case was reassigned to the undersigned. Following a conference to discuss scheduling trial with respect to the remaining breach of contract claim, the Court raised *sua sponte* the issue of whether, the sale of marijuana being illegal under federal law, the Court was being asked to enforce an illegal contract. ECF No. 137 at 2. The Court ordered Plaintiffs to show cause why the remaining breach of contract claim should not be dismissed on the grounds that the JVA is an illegal contract. *Id.*

Plaintiffs filed several documents in response to the Order to Show Cause. *See* ECF No. 140 ("Pl. Aff."); ECF No. 141. Plaintiffs claimed that the contract can

be enforced because they were passive investors and are requesting relief in the form of payment for funds alleged to be already earned, which would not require future actions that would violate federal law.  Pl. Aff. at 5.  In addition, Plaintiffs claimed they are entitled to relief, even if the contract is illegal, as they were seeking equitable remedies.  *Id*.

The Court issued the Opinion, in which it held that the JVA was an illegal contract.  In doing so, the Court relied upon Supreme Court caselaw mandating "that a federal court has a duty to determine whether a contract violates federal law before enforcing it.  The power of the federal courts to enforce the terms of private agreements is at all times exercised subject to the restrictions and limitations of the public policy of the United States as manifested in federal statutes.  Where the enforcement of private agreements would be violative of that policy, it is the obligation of courts to refrain from such exertions of judicial power."  Opinion at 5 (quoting *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 83-84 (1982)).  It is well-established that if "a statute directly prohibits an agreement or sale, . . . courts will not lend their aid to any attempt by the parties to enforce the agreement."  *Id*. at 5-6 (quoting *Dervin Corp. v. Banco Bilbao Vizcaya Argentaria, S.A.*, No. 03-CV-9141 (PKL), 2004 WL 1933621, at *3 (S.D.N.Y. Aug. 30, 2004)).  The purchase and sale of marijuana is prohibited under the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 812, 841, and thus a suit seeking to distribute the profits from such illegal transactions cannot be maintained in federal court.  Opinion at 7-9.  The Court rejected Plaintiffs' argument that equitable relief would still remain available to

them, even if the breach of contract claim was dismissed, holding that "[t]he Court may not provide Plaintiff an equitable remedy that would allow Plaintiff to circumvent federal criminal law in order to recover the proceeds of its crime." *Id.* at 12 (quoting *Bart St. III v. ACC Enters.*, LLC, No. 17-CV-00083 (GMN) (VCF), 2020 WL 1638329, at *9 (D. Nev. Apr. 1, 2020)).

The Opinion also denied Plaintiffs' motion for sanctions against Defendant. Plaintiffs had argued, *inter alia*, that Defendant had committed perjury in his submissions to the Court and had violated professional conduct rules. The Court held that the record did not support a finding of perjury, and that the cited professional conduct rules were inapplicable. Opinion at 16.

## LEGAL STANDARD

"The standard for granting a Rule 59(e) motion "is strict, and reconsideration will generally be denied." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Gerding v. Am. Kennel Club*, No. 1:21-CV-07958 (ALC), 2025 WL 1212091, at *1 (S.D.N.Y. Apr. 24, 2025). To seek reconsideration under Rule 59(e), the moving party must "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Superb Motors Inc. v. Deo*, No. 23-CV-6188 (JMW), 2025 WL 1766225, at *1 (E.D.N.Y. June 26, 2025). A party may also move

for reconsideration "when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008).

To obtain reconsideration of a judgment pursuant to Rule 60(b)(3), the movant must show, by clear and convincing evidence, fraud by an opposing party. Fed R. Civ. P. 60(b)(3); *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). The fraud must have had the effect of preventing the moving party from "fully and fairly present[ing] its case." *Adidas A., Inc. v. Thom Browne, Inc.*, 742 F. Supp. 3d 352, 362 (S.D.N.Y. 2024); *see also State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004). The movant must also show that the "need for substantial justice outweighs the value of preserving the finality of judgments," typically justified in "exceptional circumstances" only. *Adidas,* 742 F. Supp. 3d at 362; *see also Catskill Dev., L.L.C. v. Park Place Ent. Corp.,* 286 F. Supp. 2d 309, 312 (S.D.N.Y. 2003).

## DISCUSSION

Plaintiff has failed to meet the strict standard for seeking reconsideration of the Opinion. Plaintiffs do not cite any intervening change in controlling authority or the

availability of new evidence.[1]  Nor do they point to any binding authority that the Court overlooked in concluding that the JVA is an illegal contract.  Plaintiffs instead largely rehash the arguments with respect to equitable relief, *see* ECF No. 148 at 13-15; ECF No. 162 at 2-5, that were addressed in detail by the Court in its Opinion, *see* Opinion at 10-15.  Plaintiffs similarly attempt to relitigate their sanctions motion, reiterating arguments that the Court has previously considered and rejected.  *See* ECF No. 148 at 4-5.  These are not proper grounds for reconsideration.

Plaintiffs contend that the Court erred in dismissing the case without permitting them to raise a breach of fiduciary duty claim against Defendant.  ECF No. 148 at 4-5.  Plaintiffs acknowledge that the Complaint does not plead a claim for breach of fiduciary duty but argue that a court may "grant appropriate relief supported by the evidence even if not expressly demanded in the pleadings."  ECF No. 148 at 4.  Not only was breach of fiduciary duty claim not plead in the Complaint, however, this argument was not presented to the Court in Plaintiffs' responses to the Court's Order to Show Cause.  A motion to reconsider may not be used to advance new arguments or issues not previously presented to the Court.  *United States v. Painting known as Le Marche*, No. 06 CIV. 12994 (RJS), 2010 WL 2229159, at *3 (S.D.N.Y. May 25, 2010), *aff'd sub nom. United States v. Davis*, 648 F.3d 84 (2d Cir. 2011).

In any event, even if a claim for breach of fiduciary duty had been plead, it would not change the outcome of this case.  The JVA would be the only basis for this

---

[1] Plaintiffs have moved to supplement the record with different versions of the JVA, *see* ECF No. 164, but Plaintiffs make no attempt to demonstrate that this evidence was previously unavailable to them.  In any event, the supplemental submission does not bear on the Court's conclusion that the JVA is an illegal contract.

purported fiduciary duty,[2] and the JVA has been determined to be an illegal contract. "An alleged partnership founded upon an illegal basis or one contrary to public policy cannot be used to establish any rights of the parties involved as parties." *United States v. Bonanno Organized Crime Fam. of La Cosa Nostra*, 879 F.2d 20, 28 (2d Cir. 1989); *cf. Warren J. Apollon, D.M.D., P.C. v. OCA, Inc.*, 592 F. Supp. 2d 906, 915 (E.D. La. 2008) ("Apollon['s] claims for breach of contract and breach of fiduciary duty are also unenforceable. All of these claims are premised on the parties' illegal relationship created under the BSA and are thus unenforceable."); *Orthodontic Ctrs. of Illinois, Inc. v. Michaels*, 403 F. Supp. 2d 690, 702 (N.D. Ill. 2005) (dismissing breach of fiduciary duty claim where any potential recovery "would again require this Court to enforce the illegal Agreement").

Plaintiffs' remaining arguments for reconsideration under Rule 59(e) are equally without merit. Plaintiffs argue that the Court erred in holding that the JVA was an illegal contract, citing California law. ECF No. 148 at 6; *see also* ECF No. 162 at 3-4. Yet the Court ruled that the JVA was illegal under *federal* law, specifically the CSA. Opinion at 7-9. Its potential legality under California law is irrelevant. *See, e.g., CCH Acquisitions, LLC v. J&J&D Holdings, LLC*, No. 2:23-CV-2983, 2025 WL 601249, at *4 (S.D. Ohio Feb. 25, 2025); *cf. United States v. Canori*, 737 F.3d 181,184 (2d Cir. 2013)

---

[2] Plaintiffs also rely on Defendant's prior status as a practicing attorney. ECF No. 148 at 5-6. But Defendant never acted as *Plaintiffs'* attorney. There is no allegation or evidence that Plaintiffs retained Defendant as an attorney. Nor is there an allegation that Plaintiffs paid any fees to Defendant for legal services. That Defendant used a bank account associated with his legal practice in connection with receiving Plaintiffs' investments under the JVA does not create an attorney-client relationship.

("Marijuana remains illegal under federal law, even in those states in which medical marijuana has been legalized.").

Plaintiffs contend that the Court "overlooked the Rohrabacher-Farr Amendment and federal non-enforcement policies," presumably referring to policies articulated by both the executive and legislative branches with respect to deprioritizing marijuana-related federal prosecutions. ECF No. 148 at 6; *see also* ECF No. 162 at 4. Far from overlooking this history, the Opinion explicitly discusses the Department of Justice's Ogden memorandum, the Rohrabacher-Farr Amendment to various appropriations bills, and recent efforts to reschedule cannabis. Opinion at 7-8. The Court recognized, however, that both the Second Circuit and the Supreme Court have confirmed that marijuana sale and distribution remains criminalized at the federal level notwithstanding these various policy initiatives. *Id.* (citing *Gonzales v. Raich*, 545 U.S. 1, 33 (2005); *United States v. Amalfi*, 47 F.4th 114, 123 (2d Cir. 2022)).

Plaintiffs also speculate that the Court may have received an *ex parte* or sealed communication from Defendant that influenced its decision. ECF No. 148 at 2, 8; ECF No. 162 at 5. To be clear, the Court never received any such *ex parte* or sealed communications from Defendant. Although the Court had ordered Defendant to verify his unavailability for in-person attendance at trial by submitting relevant probation records to the Court, Defendant had not done so at the time the Court dismissed the action.

In both the reconsideration motions and in their separate motions to correct, Plaintiffs have focused on the May 2024 Order granting Plaintiffs' summary

judgment motion and dismissing Defendant's counterclaims.  ECF No. 148 at 3, 7-8, 15-16; *see also* ECF Nos. 149, 156.  Plaintiffs suggest that the May 2024 Order constituted a judgment on the merits of their claim, and that the Opinion therefore stands in direct conflict with it.  ECF No. 148 at 3, 7-8, 15-16.  This argument misunderstands the nature of the May 2024 Order.  In that Order, the Court dismissed Defendant's counterclaims against Plaintiffs.  ECF No. 125.  It was thus a judgment on the merits with respect to Defendant's claims against Plaintiffs.  That Order said nothing about the merits of Plaintiffs' claims against Defendant, which was the subject of the Opinion.  Nothing in the Opinion disturbs the May 2024 Order.  Indeed, the Opinion does not address Defendant's counterclaims in any way.  There is thus no conflict between these two decisions.

Finally, the Court denies Plaintiffs' motion pursuant to Rule 60(b)(3).  This motion is premised on Plaintiffs' argument that Defendant perjured himself regarding the profits earned with respect to the JVA.  ECF No. 154 at 5.  Plaintiff has failed to show such perjury by clear and convincing evidence.  *See* Opinion at 16; ECF No. 109 at 21-24.  Even if Plaintiff had, however, this goes to the merits of Plaintiffs' breach of contract claims.  The Court's dismissal order is based on the illegality of the JVA.  The challenged court filings had no bearing on the Court's analysis of the legality of the underlying contract.  Thus, reconsideration under Rule 60(b)(3) is not warranted.

**CONCLUSION**

The Court has considered Plaintiffs' remaining arguments and found them to be without merit.  For the foregoing reasons, Plaintiffs' motions for reconsideration and to correct the record are DENIED.  The Clerk of Court is directed to terminate all pending motions.

SO ORDERED.

Dated:  October 22, 2025
        New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge